UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NEW YORK

---

KENNETH CONRAD, et al.,

      Plaintiffs,

      v.                                       Case No. 91-CV-846C

CESAR PERALES, in his personal
capacity, and
ANTONIA NOVELLO, in her official
capacity, as Commissioner of the
New York State Department of Health,

      Defendants.

---

### Memorandum and Order

The plaintiffs have moved for the Court's approval of the final steps in the distribution plan for the Settlement Fund. For the reasons set forth below, this application is GRANTED.

### I. Background

The substantive legal issues in this case were resolved by this Court's December 28, 2006 Memorandum and Order (Docket Item No. 417) approving the Settlement Agreement. Under the Settlement Agreement, the defendants paid $11 million into the Conrad Settlement Fund. The plaintiffs undertook to:

      a) identify the class members and calculate the base refund due each class member;

      b) find and confirm heirs for deceased class members and collect Claim Forms; and

      c) calculate and pay out the final refund amount due to each confirmed heir.

This Court's November 3, 2011 Memorandum and Order (Docket Item No. 524, hereafter First Payment Order) and the Court's Memorandum and Order dated April 11

2012, (Docket Item No. 528, hereafter Second Payment Order) approved two rounds of distributions to Authorized Claimants.  These refund payments and a series of court-ordered fees and expenses payments have reduced the account balance to just more than $10,000.

Anthony Szczygiel, counsel for the plaintiffs from the beginning of this case, has reviewed the June 29, 2012 Affidavit of Daniel Coggeshall Regarding the Status of the Net Settlement Fund (Rust Status Affidavit).  Mr. Szczygiel believes the Rust Status Affidavit  is an accurate and fair representation of the efforts the Claims Administrator, Rust Consulting Inc. (Rust), has undertaken, and the results obtained.  That report shows that the plaintiffs have adhered to the terms of the Settlement Agreement and the First and Second Payment Orders.

Plaintiffs now request approval to make a final distribution to eleven Authorized Claimants.  These payments consist of reissuing seven Second Payment Order checks, as described in the Rust Status Affidavit, ¶12 and Ex. A, and four checks to Authorized Claimants who had not cashed their first round checks, Rust Status Affidavit, ¶13 and Ex. A.

Rust is an experienced class action claims administrator.  It is their opinion that the small amount remaining in this matter after the above payments does not support the cost of further claims processing, and they have no reasonable possibility of identifying, locating, and compensating additional class members.  Given the lack of alternatives, plaintiffs ask that the Court award the remainder of the settlement fund ($3,375, more or less) on a cy pres basis.

Plaintiffs recommend that the Court award the residual money to the After Fund of the not-for-profit Western New York Coalition Pooled Trust.  Legal Services for the Elderly, Disabled or Disadvantaged of Western New York, and People Inc. created this supplemental needs trust.  The purpose of the Pooled Trust is to enhance the quality of life of elderly or disabled individuals, without negatively affecting their public benefits

such as Medicaid.   The Pooled Trust, and its After Fund, serve the same general purpose as did this lawsuit, assisting elderly and disabled individuals by protecting their rights to public benefits.

### Conclusion

The Court directs the final disbursement from the Net Settlement Fund and the other relief requested by plaintiffs.  Specifically, this Court:

a) approves the reissuance of Second Distribution Order payments described in the Rust Status Affidavit, ¶12 and Ex. A;

b) approves a first round payment to the four Authorized Claimants and a second round payment to the one of these Authorized Claimants who meets the terms of this Court's Second Distribution Order, as described in the Rust Status Affidavit, ¶13 and Ex. A;

c) directs that the checks described above have a void date of thirty (30) days after issuance;

d)  declares that all Authorized Claimants have been paid their full refund once the eleven reissued payments addressed above have been cashed or, if sooner, the void date has been reached;

e)  finds that the Net Settlement Fund balance remaining after the above payments is too small to undertake any meaningful efforts to conduct a further distribution to Authorized Claimants; and,

f)   approves a cy pres distribution of all remaining Net Settlement Funds after the above payments to the After Fund of the Western New York Coalition Pooled Trust.

So Ordered

JOHN T. CURTIN
United States District Judge

July 12, 2012

Dated: